NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3396-14T3

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

  v.

DONNELL JONES,

       Defendant-Appellant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| June 20, 2016 |
| APPELLATE DIVISION |

Submitted May 3, 2016 — Decided June 20, 2016

Before Judges Fisher, Espinosa and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 12-08-1286; 12-08-1290.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie Piderit, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

Defendant appeals the denial of his post-conviction relief (PCR) petition, which asserted a denial of the effective assistance of counsel because his attorney failed to file a

direct appeal from the judgment of conviction. Because the PCR judge required — and found absent — proof that defendant was prejudiced by his counsel's failure to file a direct appeal — in essence drawing her own conclusion as to whether an appeal would have been successful — we reverse. Defendant's sworn statement that he directed his attorney to file an appeal was undisputed and, in that circumstance, prejudice is presumed. Roe v. Flores-Ortega, 528 U.S. 470, 484, 120 S. Ct. 1029, 1038-39, 145 L. Ed. 2d 985, 999-1000 (2000). Consequently, defendant is entitled to the restoration of his right to file a direct appeal, ibid., which we now permit.

I

On March 14, 2013, defendant pleaded guilty to first-degree armed robbery, N.J.S.A. 2C:15-1, and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-4(a). On May 10, 2013, defendant was sentenced to a fifteen-year prison term subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. No appeal was filed on his behalf.

On March 7, 2014, defendant filed a pro se PCR petition, alleging he was deprived of the effective assistance of counsel. Counsel was appointed and a brief filed on defendant's behalf. Defendant argued trial counsel failed to raise a number of

potential mitigating factors at sentencing, emphasizing counsel made only the following statement on his behalf at sentencing:

> This is a negotiated plea agreement. And we're simply asking the [c]ourt to honor the plea agreement and sentence [defendant] accordingly.

Defendant also argued he was deprived of his Miranda[1] rights when interrogated by police. And he claims counsel failed to file an appeal of the judgment of conviction. In support of this last assertion, defendant filed a certification that asserted he "told [his] attorney [he] wanted to file an appeal but he never filed it."

On January 29, 2015, after hearing counsel's argument, the PCR judge rejected defendant's contentions. Without conducting an evidentiary hearing, the judge analyzed the urged mitigating factors and held they would not have been applied[2] and, in any event, they were strongly outweighed by the aggravating factors. And the judge found no merit in the Miranda contention.

The judge then rejected the argument that defendant was deprived of the effective assistance of counsel because a direct appeal was not filed. Without questioning defendant's undisputed

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[2] The same judge presided at the plea, sentencing, and PCR proceedings.

A-3396-14T3

assertion that he directed his attorney to file an appeal, the judge concluded that defendant failed to present "any claim that would have been meritorious on appeal." In appealing, defendant argues the judge erred in her disposition of the ineffectiveness claim regarding counsel's failure to file an appeal.

## II

In determining whether counsel was constitutionally ineffective in failing to file a notice of appeal, the PCR judge concluded defendant was required to demonstrate the presence of both prongs of the test enunciated in Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984), i.e., that counsel's performance fell below an objective standard of reasonableness (the first prong), and that counsel's deficient performance prejudiced the defendant (the second prong). See also State v. Fritz, 105 N.J. 42, 58 (1987).[3] In defining the reach of the Sixth Amendment, the Supreme Court has held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Flores-Ortega,

_____

[3] For purposes of the state constitutional guarantee of the right to counsel, N.J. Const. art. I, ¶ 10, the Fritz Court also expressed its adherence to the Supreme Court's recognition in United States v. Cronic, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046, 80 L. Ed. 2d 657, 667 (1984), of a presumption of prejudice in some circumstances. See Fritz, supra, 105 N.J. at 53, 58.

A-3396-14T3

supra, 528 U.S. at 477, 120 S. Ct. at 1035, 145 L. Ed. 2d at 995. Such a failure cannot be labeled a strategic decision; "filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." Ibid.

In denying relief, the PCR judge concentrated on the second prong,[4] concluding that defendant failed to show prejudice because he did not present any claim that, in the judge's view, would have been meritorious on appeal. The judge further observed that defendant failed to assert he was innocent of the charges.[5]

To be sure, most PCR petitions require consideration of the facts asserted in support of both prongs without a presumption as to either. In many cases, an attorney's error "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369, 88 L. Ed. 2d 203, 209 (1985). But the error here did

---

[4] The State did not dispute defendant's contention that he directed his attorney to file an appeal, and the judge did not express doubt about defendant's undisputed factual assertion. We, therefore, conclude that the first prong was met.

[5] The judge stated in her oral decision the following: "As to trial counsel's failure to file an appeal, I did not read any claim of innocence in [his] brief."

not lead "to a judicial proceeding of disputed reliability"; it led to a "forfeiture of the proceeding itself." Flores-Ortega, supra, 528 U.S. at 483, 120 S. Ct. at 1038, 145 L. Ed. 2d at 999. This circumstance "demands a presumption of prejudice." Ibid.; see also Pequero v. United States, 526 U.S. 23, 28, 119 S. Ct. 961, 965, 143 L. Ed. 2d 18, 24 (1999); Hodge v. United States, 554 F.3d 372, 380 (3d Cir. 2009). Consequently, the Flores-Ortega Court concluded that a defendant who has requested an appeal is not required to show he "might have prevailed" in his forfeited appeal, 528 U.S. at 484, 120 S. Ct. at 1038, 145 L. Ed. 2d at 999, and held that:

> when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel entitling him to an appeal.
>
> [Id. at 484, 120 S. Ct. at 1039, 145 L. Ed. 2d at 1000.]

In short, it is only when a defendant has not conveyed his wishes regarding the filing of an appeal that we consider "'whether counsel's assistance was reasonable considering all the circumstances,'" id. at 478, 120 S. Ct. at 1035, 145 L. Ed. 2d at 995 (quoting Strickland, supra, 466 U.S. at 688, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694), and whether counsel's deficient performance "actually cause[d] the forfeiture of the

defendant's appeal," id. at 484, 120 S. Ct. at 1038, 145 L. Ed. 2d at 999. Because the prosecution did not dispute that defendant directed his attorney to file an appeal and because the PCR judge did not apply Flores-Ortega's presumption of prejudice in light of that undisputed fact, we reverse.

## III

Although we believe Flores-Ortega's presumption of prejudice when applied here ends our inquiry, the Court's additional comments may have clouded the matter. The Court, for example, stated that "whether a given defendant has made the requisite showing will turn on the facts of a particular case," and observed that evidence of "nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." Id. at 485, 120 S. Ct. at 1039, 145 L. Ed. 2d at 1000 (emphasis added).

These comments arguably suggest that some defendants may be required to demonstrate "nonfrivolous grounds for appeal" to succeed on an ineffectiveness claim. By the same token, even as it repeated the phrase "nonfrivolous grounds for appeal" throughout its continued discussion, the Court in Flores-Ortega, supra, 528 U.S. at 486, 120 S. Ct. at 1039-40, 145 L. Ed. 2d at 1001, emphasized its earlier holding in Rodriquez v. United

States, 395 U.S. 327, 330, 89 S. Ct. 1715, 1717, 23 L. Ed. 2d 340, 344 (1969), which recognized that defendants whose attorneys have frustrated their right to appeal "should be treated exactly like any other appellants" and "not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings." Yet, in downplaying the significance of whether a defendant has presented "nonfrivolous grounds for appeal," the Court explained that it would be "unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record . . . in search of potentially meritorious grounds for appeal," while simultaneously reiterating its holding that the defendant need only "demonstrate that, but for counsel's deficient conduct, he would have appealed." Flores-Ortega, supra, 528 U.S. at 486, 120 S. Ct. at 1039-40, 145 L. Ed. 2d at 1001.

We cannot ignore the fact that the Court's additional comments could be interpreted as shifting from "a presumption of prejudice" in all cases where a defendant has requested but not obtained a direct appeal to, on the other hand, requiring an inquiry into the merits of the forfeited appeal if a defendant is not "indigent" or "perhaps" not "pro se." Ibid. Unlike the defendant referred to in this part of the Flores-Ortega Court's

opinion, defendant here only briefly represented himself; once his PCR petition was filed, an attorney was appointed and given the opportunity to review and supplement the record — the things that the Flores-Ortega Court found lacking in most cases when it adopted its presumption of prejudice standard.

All this generates concern for us about whether it is enough for a defendant, who has been given the assistance of PCR counsel, to rely solely on the undisputed fact that he requested the filing of a direct appeal that was not instituted. Ultimately, however, we view the Court's added explanation as bearing on a situation not present here; the Flores-Ortega Court's additional language should be viewed as the Court's response to lower federal courts that had held it per se unreasonable for an attorney not to file a direct appeal unless it could be shown the defendant instructed the attorney not to appeal. See Hodge, supra, 554 F.3d at 379. As suggested by Hodge, consideration of matters such as whether the defendant was "indigent, perhaps pro se," Flores-Ortega, supra, 528 U.S. at 486, 120 S. Ct. at 1040, 145 L. Ed. 2d at 1001, and whether the defendant could present "nonfrivolous grounds for appeal," id. at 485, 120 S. Ct. at 1039, 145 L. Ed. 2d at 1000, are considerations for cases "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken,"

id. at 478, 120 S. Ct. at 1035, 145 L. Ed. 2d at 995. See Hodge, supra, 554 F.3d at 379.

Because the prosecution did not dispute defendant's sworn statement that he told his attorney to file an appeal, we conclude that the Court's additional discussion about whether a defendant may, at times, need to show he was indigent, or pro se, or possessed "nonfrivolous grounds for appeal," is inapplicable here.

IV

We would also add that Flores-Ortega is limited to the application of the Sixth Amendment to the matter at hand; that decision does not preclude our courts from determining that the state constitutional right to counsel, N.J. Const. art. I, ¶ 10, provides greater rights or a more liberal allowance of post-conviction relief in similar circumstances. We would note, however, that our state jurisprudence has closely adhered to the Sixth Amendment's contours. See Fritz, supra, 105 N.J. at 58 (concluding that "[e]ven if we are not constitutionally compelled to adopt the Strickland-Cronic test, the development of the law in this area impels" recognition of "the soundness and efficacy of both the substance and formulation of this federal Constitutional standard in defining our own State Constitutional guarantee of effective assistance of counsel").

In short, there is no existing evidence that our Supreme Court would do other than follow Flores-Ortega.[6] And defendant has not argued that an approach more liberal than that described in Flores-Ortega should be applied to the extent his PCR petition rested on state constitutional grounds. Despite the uncertainty arising from the Flores-Ortega Court's comments about whether a defendant must present "nonfrivolous grounds for appeal" in these or similar circumstances, we ultimately rest our decision on the Court's clear and broad holding that prejudice is presumed when counsel has failed to file an appeal requested by a defendant; in our view, Flores-Ortega holds that the Sixth Amendment alone demands that the defendant receive the appeal to which he was entitled but which was forfeited because

---

[6] We are mindful the Supreme Court recently granted certification to consider the ineffectiveness standard in a similar setting. See State v. Carson, __ N.J. __ (2016). Certainly, state courts cannot apply a more constricted standard than that set forth in Flores-Ortega; the nation's highest court establishes "the floor of constitutional protection." State v. Hempele, 120 N.J. 182, 197 (1990). A state court, however, may apply a more expansive view when interpreting its own constitution and, when it does, "manifest[s] no disrespect for" the United States Supreme Court "but merely honor[s] our 'obligation to uphold [our] own constitution.'" Ibid. (quoting Justice Pollock's concurring opinion in State v. Lund, 119 N.J. 35, 53 (1990)). Because our Supreme Court will soon consider these issues, because the issue was not briefed, and because its resolution is not necessary for today's decision, we withhold consideration of whether our state constitution imposes a per se presumption of prejudice when an appeal is not filed on behalf of a defendant prosecuted in our courts.

his trial attorney failed to heed his direction. 528 U.S. at 484, 120 S. Ct. at 1039, 145 L. Ed. 2d at 1000.

V

Because the PCR judge did not apply the principles enunciated in Flores-Ortega, we reverse the denial of post-conviction relief[7] and exercise original jurisdiction in permitting defendant the right to file a notice of appeal, seeking review of the judgment of conviction, within forty-five days from today's date.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] Even if Flores-Ortega could be interpreted as imposing on defendant a burden of presenting "nonfrivolous grounds for appeal," this is not the standard the PCR judge applied. The judge instead found defendant's arguments lacking in merit; an argument that is without merit is not necessarily a frivolous argument. Perhaps this circumstance alone demonstrates that a per se rule of prejudice is the more salutary approach. In that case, the direct appeal would be permitted and this court would consider that appeal on its merits, rather than adding a layer or two of litigation that would require the trial judge's determination of whether a defendant was "indigent, perhaps pro se" and, if so, whether he possessed "nonfrivolous grounds for appeal," and then an appeal for our review of those threshold determinations. Only then, if the defendant's presentation passed muster, would the right to appeal the judgment of conviction be restored. We fail to see how the fair and efficient administration of justice would be furthered if we were to insist on these threshold determinations before simply allowing the forfeited appeal to be filed and considered on its merits. And we would lastly observe that even if the merit of the forfeited appeal is to be considered prior to granting post-conviction relief, in this particular case we would remand for further development of the issues defendant would pursue on direct appeal since the record does not permit a full understanding of defendant's contentions.

A-3396-14T3