NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2166-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JAHIDE LESAINE,

 Defendant-Appellant.
___________________________

 Submitted May 16, 2017 — Decided May 31, 2017

 Before Judges Koblitz and Sumners.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No. 06-
 02-0450.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (John V. Molitor, Designated
 Counsel, on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Barbara
 A. Rosenkrans, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM
 Defendant Jahide Lesaine appeals from a November 20, 2015

order denying his petition for post-conviction relief (PCR) after

an evidentiary hearing. Although we do not disturb the findings

of the PCR judge, we remand for a determination as to whether

defendant requested a direct appeal that was not processed by

defense counsel.

 We set forth the procedure in this matter in our prior

unpublished opinion reversing and remanding for a plenary hearing.

State v. Lesaine, No. A-3510-10 (App. Div. April 22, 2013).

Defendant pled guilty to a series of ten armed robberies and

related charges on the same date, and received a twelve-year

custodial sentence subject to the No Early Release Act, N.J.S.A.

2C:43-7.2. No direct appeal was filed. In his PCR petition,

defendant presented an exculpatory certification of a co-

defendant. We directed that a hearing take place to determine

whether, as defendant alleged, his lawyer had not investigated his

co-defendant's exculpatory evidence nor provided him with

discovery. Defendant, his plea attorney and his exculpating co-

defendant testified at length in a three-day PCR hearing. The PCR

hearing judge found defense counsel credible, while finding

defendant and his co-defendant incredible.

 Defendant raises the following issues on appeal:

 2 A-2166-15T4
 POINT I: THE COURT SHOULD REVERSE THE LAW
 DIVISION'S DECISION TO DENY DEFENDANT'S
 PETITION FOR POST-CONVICTION RELIEF.

 We see no reason to disturb the factual and credibility

findings of the PCR hearing judge substantially for the reasons

expressed in the judge's comprehensive oral opinion of November

20, 2015.

 In our 2013 remand, we specifically opined that an inquiry

into the processing of defendant's appeal would be unnecessary

given his inability to demonstrate a meritorious issue on appeal.

Lesaine, supra, slip. op. at 8-9. After our opinion, the law was

clarified to entitle defendants to file a late appeal if a timely

request was ignored, regardless of the merits of the appeal. State

v. Jones, 446 N.J. Super. 28, 34-35 (App. Div.), certif.

denied, N.J. (2016) (relying on Roe v. Flores-Ortega, 528

U.S. 470, 484, 120 S. Ct. 1029, 1038-39, 145 L. Ed. 2d 985, 999-

1000 (2000)). We are therefore constrained to remand for a further

evidentiary hearing for the PCR judge to determine whether

defendant asked for a direct appeal that was not filed. A review

of defendant's attorney's file may reveal whether such a request

was made. Alternatively, the State may wish to concede the failure

to file the requested direct appeal.

 If a direct appeal was sought and not provided, the PCR court

should enter an order allowing defendant to file an appeal within

 3 A-2166-15T4
forty-five days of the order. See State v. Perkins, ___ N.J.

Super. ___, ___ (App. Div. 2017) (slip op. at 5).

 Reversed and remanded.

 4 A-2166-15T4