**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2382-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHATARA S. CARTER, a/k/a
FIESTY RUE,

    Defendant-Appellant.

_____

Submitted May 15, 2018 — Decided July 12, 2018

Before Judges Reisner, Hoffman, and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Accusation No.
10-05-1501.

Joseph E. Krakora, Public Defender, attorney
for appellant (Mark Zavotsky, Designated
Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor,
attorney for respondent (Kevin J. Hein,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant Shatara S. Carter appeals from an October 28, 2016 order denying her petition for post-conviction relief (PCR). We affirm.

When defendant was fourteen years old, she was arrested and charged with first-degree murder in connection with the brutal, gang-related murders of two victims, Michael Hawkins and his girlfriend, Mariah Huff. The murders took place on February 22, 2010, in Camden. On February 25, 2010, the police found two bodies buried in a shallow grave in the back yard of the house where defendant lived with her family. Defendant quickly confessed that she personally participated in killing Huff, who was beaten, strangled, and finally suffocated with a plastic bag over her head. Defendant told the police that she and her co-defendants were members of a street gang, while Hawkins belonged to a rival gang.

The State filed a motion to have defendant tried as an adult, and a waiver hearing was scheduled for May 26, 2010. Prior to the scheduled hearing date, defendant's attorney had defendant examined by a psychologist, Dr. David F. Bogacki. In his May 1, 2010 report, Dr. Bogacki found that defendant had borderline intelligence and suffered from depression. However, he did not opine that defendant could be rehabilitated prior to her nineteenth birthday. Nor can his report be fairly construed to imply such

an opinion.  On the record presented to the PCR court and on this appeal, there was no evidence that defendant could have avoided waiver by proceeding with the waiver hearing.

The day before the waiver hearing took place, defendant reached a plea agreement with the State.  Pursuant to the deal, defendant would consent to have her case prosecuted in adult court, and the State would downgrade the first-degree murder charge to aggravated manslaughter and recommend a twenty-year sentence pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. In a separate memorandum, defendant agreed that, as a condition of the plea agreement, she would give truthful testimony against co-defendants.  The memorandum recited that defendant wished to be sentenced immediately, rather than after the trials of the co-defendants.  The memorandum made clear that, in return for agreeing that defendant could be sentenced before providing the promised cooperation, the State retained the right to move to revoke the plea deal if defendant failed to cooperate.

On May 25, 2010, at a juvenile court hearing attended by defendant, her family members, and her attorney, defendant agreed to a voluntary waiver to adult court.  See N.J.S.A. 2A:4A-27. Later that same day, defendant and her attorney appeared in adult court, where she entered a guilty plea to aggravated manslaughter. Defendant was sentenced on August 19, 2010, to twenty years in

prison subject to NERA, per the plea agreement. Defendant appealed the sentence, contending that it was excessive. We heard the matter on an Excessive Sentence Oral Argument calendar and affirmed the sentence. State v. Carter, No. A-2667-10 (App. Div. Dec. 14, 2011).

Thereafter, the State filed a motion to vacate defendant's plea agreement, claiming that she failed to give truthful testimony at the trial of one of the co-defendants. By the time defendant gave the allegedly untruthful testimony, she was seventeen. In opposing the State's motion, her defense counsel argued that defendant should have had advice of counsel at the time that she provided the testimony. At a February 21, 2014 hearing, the motion judge rejected that argument and granted the State's motion, finding no published precedent supporting defendant's claim.

Immediately after the judge granted the State's motion, the parties placed on the record a renegotiated plea agreement to the original charges. In the agreement, defendant once again agreed to plead guilty to aggravated manslaughter, and the State agreed not to charge her with perjury for her allegedly untruthful trial testimony. The parties also agreed that the potential sentence would be capped at twenty-five years. At the request of both sides, the judge then held a sentencing hearing. In her allocution, defendant stated that she did not believe the

cooperation agreement required her to testify against her boyfriend, who was the co-defendant at whose trial she allegedly gave false testimony. However, defendant indicated that she was willing to accept the proposed twenty-five year sentence.

The judge rejected the State's sentencing recommendation and instead sentenced defendant to twenty-two years subject to NERA, with approximately four years of jail credit. After imposing sentence, the judge advised defendant that she had forty-five days in which to file an appeal and asked her if she had discussed her appellate rights with her attorney. Defendant replied that she had. However, defendant did not appeal from the February 21, 2014 judgment of conviction.

More than a year later, on June 19, 2015, defendant filed a pro se PCR petition, which her assigned PCR counsel supplemented on March 16, 2016. Defendant asserted that her original trial attorney rendered ineffective assistance of counsel, by advising her to enter into a plea agreement calling for her to be tried and sentenced as an adult. She also argued that the attorney was ineffective for asking that defendant be sentenced before giving her cooperating testimony at the co-defendants' trials, because that course of action resulted in her having no assigned attorney to represent her at the time she testified in those trials. However, defendant's petition was not supported by a certification

explaining what she would or might have done differently if she had counsel representing her. Defendant did not explain the reason for the immediate-sentencing provision of the agreement, nor did she deny that she wanted that provision.

Defendant's petition also contended that the attorney who represented her at the February 21, 2014 motion, plea and sentencing hearing was ineffective, in failing to recommend that she file a direct appeal from the judgment of conviction resulting from that hearing. However, defendant did not contend that she asked the attorney to file an appeal on her behalf, although the record reflects that the judge advised her of her appeal rights and she confirmed she had discussed the issue with her attorney. Defendant did not provide a certification addressing the appeal issue, and hence, there was no legally competent evidence as to what advice her attorney gave her about whether to appeal.

Defendant's petition further contended that the 2010 cooperation agreement was unenforceable because it was signed by a minor, and the court should reinstate the original twenty-year sentence. She also contended that she was entitled to withdraw her guilty plea altogether under State v. Slater, 198 N.J. 145 (2009), and State v. Munroe, 210 N.J. 429 (2012). Defendant did not seek to repudiate her admission of guilt, but argued she had a "colorable claim" that her case should have remained in juvenile

court.  In a supplemental brief, defendant also argued that newly-enacted amendments to the juvenile waiver statute precluded waiver to adult court of a minor under the age of fifteen, and the statute should apply retroactively to her situation.  See N.J.S.A. 2A:4A-26.1.

The PCR judge rejected defendant's arguments in a lengthy oral opinion on October 28, 2016.  The judge concluded that the amendment to the juvenile waiver statute, N.J.S.A. 2A:4A-26.1, was not intended to apply retroactively to juveniles who, like defendant, had already been waived and sentenced years before the amendment.  He also noted the State's argument that the amendment to section 26.1, prohibiting certain involuntary waivers, did not apply to voluntary waivers, which remain permitted under N.J.S.A. 2A:4A-27.

The judge reasoned that defendant's ineffective assistance claims could have been raised on the direct appeal she filed in 2010, or on a direct appeal she could have filed in 2014.  However, the judge also addressed the merits of defendant's claims.

The judge concluded that, based on the seriousness of the charge she faced, the horrendous details of the murders, and the weakness of Dr. Bogacki's report, defendant would not have prevailed at a waiver hearing.  Thus, defendant's trial counsel

was not ineffective in advising her to waive the hearing and enter into a plea agreement.

The judge found that defendant wanted to be sentenced as soon as possible, rather than waiting until after the trials of her co-defendants. He also found that her claim was not supported by any certification attesting that she would have testified differently at the co-defendant's trial if she had counsel to advise her. In fact, he noted later in his opinion, that defendant strategically obtained the benefit of the twenty-year sentence, without having to first testify against her boyfriend.

The judge further reasoned that defendant was represented by counsel on the motion to vacate the plea agreement, and defendant did not claim that attorney was ineffective. The judge found nothing ineffective in counsel failing to file an appeal, when there was no precedent supporting a right of a cooperating witness to court-appointed counsel during the trials of co-defendants. The judge found no merit in defendant's argument that she could not enter into a cooperation agreement because she was a minor. He noted that she was represented by counsel, and the entire plea agreement was approved by the court. Finally, the judge rejected defendant's Slater arguments, noting that she had confessed to participating in the murder, but nonetheless obtained a very favorable plea agreement.

On this appeal, defendant raises the following points of argument:

> POINT I: DEFENDANT'S PETITION FOR POST CONVICTION RELIEF SHOULD NOT BE BARRED BECAUSE DEFENDANT COULD NOT HAVE BROUGHT HER CLAIMS IN A PRIOR PROCEEDING AND THE INTERESTS OF JUSTICE REQUIRE HER CLAIMS BE HEARD

> POINT II: DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ENTITLING HER TO POST CONVICTION RELIEF AND AN EVIDENTIARY HEARING.

>> (A) Counsel was ineffective for advising defendant to voluntarily waive her rehabilitation hearing and have her matter heard in adult court.

>> (B) Counsel was ineffective for allowing the defendant to be sentenced before fulfilling the obligations of her plea agreement thereby leaving her unrepresented during a critical stage of the proceedings.

> POINT III: DEFENDANT IS ENTITLED TO WITHDRAW HER PLEA BECAUSE THE NATURE AND STRENGTH OF HER CLAIM OUTWEIGH THE STATE'S INTEREST IN PRESERVING THE PLEA.

> POINT IV: DEFENDANT'S WAIVER TO ADULT COURT IS INVALIDATED BY THE RETROACTIVE APPLICATION OF N.J.S.A. 2A:4A-26.1 BECAUSE SHE MADE THE WAIVER AT A TIME WHEN SHE WAS UNDER THE AGE OF FIFTEEN.

Except to the extent discussed below, defendant's arguments were correctly addressed by the PCR judge and are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

9

We agree with defendant that her ineffective assistance of counsel arguments could not have been raised on direct appeal. See State v. Hess, 207 N.J. 123, 145 (2011). However, they are also uniformly without merit as PCR arguments. Most significantly, defendant confessed, in graphic detail, to her personal participation in a particularly brutal and senseless murder. The defense psychological report was inadequate to demonstrate that she could be rehabilitated before age nineteen. Defendant faced almost certain waiver to adult court, where she would be tried for first-degree murder. Defendant has not established that there was any additional evidence that her attorney could have presented that would have been more persuasive than Dr. Bogacki's report. See State v. Jack, 144 N.J. 240, 254-55 (1996). As a result, she has not presented a prima facie case that her trial attorney was ineffective in advising her to enter into the plea agreement. Ibid.

We also find no evidence that the attorney was ineffective in obtaining for defendant an agreement she wanted, allowing her to be sentenced in advance of her cooperation in testifying against co-defendants. That was a very favorable aspect of the deal, because she got the benefit of her bargain before providing the State with the promised cooperation. Defendant also did not provide any certification, or other legally competent evidence

explaining how that provision of the cooperation agreement came about or denying that it represented her wishes. Bald assertions are insufficient to support a PCR petition or to justify holding an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Defendant did not provide any legally competent evidence, or even a representation, that she asked her attorney to file an appeal from the February 21, 2014 judgment of conviction. Nor did she certify that the attorney either failed to consult with her about filing an appeal or that he advised her against filing an appeal. As a result, she is not entitled to PCR with respect to her attorney's alleged "failure" to file an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477-80 (2000); State v. Jones, 446 N.J. Super. 28, 33-35 (App. Div. 2016). Defendant is also barred by Rule 3:22-4 from raising, on PCR, issues that she could have raised on that appeal. On a direct appeal, defendant could have raised the claim that, because she was unrepresented during her testimony about the co-defendant, the trial court should not have set aside her original plea deal based on her violation of the cooperation agreement. Hence, she cannot raise the issue in a PCR petition. See R. 3:22-4.

Lastly, we need not address the retroactive application of N.J.S.A. 2A:4A-26.1, prohibiting involuntary waivers of minors

11 A-2382-16T4

under the age of fifteen. Because defendant voluntarily agreed to the waiver, her reliance on State in the Interest of J.F., 446 N.J. Super. 39, 55 (App. Div. 2016), is misplaced. J.F. held that N.J.S.A. 2A:4A-26.1(c)(1) would be applied retroactively in that case. However, when the Legislature enacted N.J.S.A. 2A:4A-26.1, it left untouched the provisions of N.J.S.A. 2A:4A-27, which permits voluntary waivers by minors age fourteen and older, and voluntary waivers by minors under fourteen who are charged with murder. We conclude that N.J.S.A. 2A:4A-27 applies here. Even if we were so inclined, we could not rewrite that section of the statute to provide defendant relief. See O'Connell v. State, 171 N.J. 484, 488 (2002).

When she was fourteen, defendant committed a horrendous and brutal crime, resulting in the death of an innocent victim. Under the terms of her sentence, defendant will be eligible for parole when she is in her early thirties. Hopefully, by that time, she will have achieved sufficient life skills, maturity and insight to enable her to live a law-abiding life after release from prison.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12                                    A-2382-16T4