**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1574-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HOWARD C. WOODS, JR., a/k/a
HOWARD C. BRYANT, JR.,

    Defendant-Appellant.

_____

Submitted September 10, 2019 – Decided September 17, 2019

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 10-12-1299 and 11-03-0326, and Accusation Nos. 11-05-0630 and 11-05-0631.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Carlos P. Morrow, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Howard Woods, Jr. appeals from a July 28, 2017 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

I.

In 2010 and 2011, defendant was charged under two indictments and two accusations with numerous crimes. In May 2011, defendant pled guilty to second-degree eluding, N.J.S.A. 2C:29-2(b); two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(6); two counts of third-degree distribution of cocaine within 1000 feet of school property, N.J.S.A. 2C:35-7(a); third-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(a)(1); and various motor vehicle violations. On April 5, 2012, he was sentenced to an aggregate prison term of thirteen years, with over eight years of parole ineligibility as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. No direct appeal was filed.

Two years later, in April 2014, defendant filed a PCR petition claiming he directed his trial counsel to file a direct appeal and his trial counsel was ineffective in other ways. Defendant was assigned PCR counsel and, in 2015, the PCR court denied his petition after hearing oral argument, but without an

evidentiary hearing. That initial order was entered on March 20, 2015, together with a written opinion.

Defendant appealed and we reversed the March 20, 2015 order and remanded the matter for an evidentiary hearing to address defendant's claim that he had requested his trial counsel to file a direct appeal. We also stated that if the petition was denied after the evidentiary hearing, defendant could appeal that order, as well as the "other PCR issues" defendant had raised in his initial appeal. State v. Woods, No. A-4716-14 (Mar. 21, 2017) (slip op. at 9.).

On July 28, 2017, the PCR court held an evidentiary hearing. At that hearing, trial counsel and defendant testified. Defendant testified that he directed his trial counsel to file a direct appeal and she said she would. Trial counsel, in contrast, testified that she recalled defendant's case and was confident that he did not ask her to file a direct appeal. The PCR court found trial counsel's testimony to be credible and denied defendant's PCR petition. The court explained the reasons for its decision on the record and on the same day entered an order denying the petition. Defendant now appeals from the order entered on July 28, 2017.[1]

---

[1] The July 28, 2017 order references one of the indictments, but not the other indictment or the two accusations. As defendant and the State have both treated

A-1574-17T1

On this appeal, defendant makes two arguments, which he articulates as follows:

> POINT ONE – MR. WOODS IS ENTITLED TO RELIEF ON HIS CLAIM THAT COUNSEL FAILED TO FILE A NOTICE OF APPEAL.
>
> POINT TWO – MR. WOODS I[S] ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL WAS INEFFECTIVE BECAUSE [COUNSEL] DID NOT EXPLAIN TO THE DEFENDANT THE LAW UNDERLYING THE CHARGES OR THE CONSEQUENCES OF THE PLEA AGREEMENT, RENDERING THE PLEAS INVALID.

We are not persuaded by either of these arguments.

## II.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 57-58 (1987).  Under that test, a defendant must prove (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance

_____

the order as addressing both indictments and the accusations, we also deem the order as covering defendant's PCR petition as it related to all of the crimes to which he plead guilty under Indictment Nos. 10-12-1299 and 11-03-0326 and Accusation Nos. 11-05-0630 and 11-05-0631.

4

prejudiced the defense." <u>Strickland</u>, 466 U.S. at 687; <u>see also</u> <u>Fritz</u>, 105 N.J. at 58.

If a defendant instructs his counsel to file an appeal, and counsel fails to file the appeal, that failure is ineffective assistance. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000). Moreover, the failure to file the appeal creates a presumption of prejudice. <u>Id.</u> at 484. "As a result, 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.'" <u>State v. Carson</u>, 227 N.J. 353, 354 (2006) (quoting <u>Flores-Ortega</u>, 528 U.S. at 484). Furthermore, "a defendant who has requested an appeal is not required to show he 'might have prevailed' in his forfeited appeal." <u>State v. Jones</u>, 446 N.J. Super. 28, 33 (App. Div. 2016) (quoting <u>Flores-Ortega</u>, 528 U.S. at 484).

A.

Following our remand of this matter, the PCR court conducted an evidentiary hearing on defendant's claim that his trial counsel did not follow his direction to file a direct appeal. We use a deferential standard of review on an appeal of a denial of a PCR petition following an evidentiary hearing. <u>Pierre</u>, 223 N.J. at 576 (quoting <u>State v. Nash</u>, 212 N.J. 518, 540 (2013)). The factual

findings made by a PCR court following an evidentiary hearing will be accepted if they are based on "sufficient credible evidence in the record." Ibid. (quoting Nash, 212 N.J. at 540). In contrast, interpretations of the law "are reviewed de novo." Id. at 576-77 (quoting Nash, 212 N.J. at 540-41).

Here, we reject defendant's first argument because of the factual findings and credibility findings made by the PCR court. After conducting an evidentiary hearing, the PCR court found trial counsel to be credible when she testified that she was confident defendant did not request her to file a direct appeal. That finding is supported by substantial credible evidence. We discern no basis for rejecting that credibility finding and the finding of fact underlying it; that is, that defendant did not request his trial counsel to file a direct appeal. We note moreover, that defendant has not claimed that he was not aware of his right to file an appeal. Thus, this is not a situation where counsel or the trial court failed to inform defendant of his right to appeal.

### B.

A PCR court should grant evidentiary hearings only if a defendant has presented a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462-63 (1992). To do so, defendant "must allege facts sufficient to demonstrate counsel's alleged substandard performance[,]" State v.

6

Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), and "must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (citing Preciose, 129 N.J. at 463). Moreover, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, . . . then an evidentiary hearing need not be granted." Ibid. (citations omitted); see also R. 3:22-10(e).

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). Thus, if warranted, we may "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Harris, 181 N.J. at 419. Having reviewed the record de novo, we discern no basis to require an evidentiary hearing on defendant's additional claims of ineffective assistance of counsel.

In his initial petition and the supplemental papers, defendant asserted that his trial counsel was ineffective in not fully explaining the law regarding the

charges against defendant or the consequences of his guilty pleas. In that regard, defendant claimed that he did not understand (1) that a conviction for aggravated assault under N.J.S.A. 2C:12-1(b)(6) does not require a showing of serious bodily injury, as compared to proof of bodily injury; (2) the amount of drugs, that is, the weight and quantity, necessary to support his third-degree drug-related convictions; (3) the application of NERA; or (4) his exposure to an extended term for his drug convictions. All of those contentions were made in a general manner and without specific factual support.

Moreover, defendant's bald assertions are rebutted by the record. At his plea hearing, defendant acknowledged he understood the charges against him and the recommended sentences. The judge taking the pleas reviewed with defendant the plea agreements that defendant had signed. Defendant confirmed that he had reviewed all four plea agreements, understood each of the crimes to which he was pleading guilty, and understood the recommended sentences, including NERA and that he faced periods of parole ineligibility. Defendant also testified that he had reviewed the plea agreements with his plea counsel and counsel had answered all his questions. In pleading guilty, defendant admitted to the facts establishing the basis for the charges of eluding, aggravated assault,

distribution of cocaine within 1000 feet of school property, and possession of heroin with intent to distribute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION