**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3117-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY BURROWS,

     Defendant-Appellant.

_____

> Submitted December 17, 2019 - Decided December 31, 2019
>
> Before Judges Fisher and Accurso.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-04-0751.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the briefs).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In order to resolve an indictment for first-degree murder and weapons offenses, defendant Anthony Burrows pleaded guilty in 2014 to aggravated manslaughter and was sentenced in accordance with his agreement to seventeen years in State prison subject to the periods of parole ineligibility and supervision required by the No Early Release Act, N.J.S.A. 2C:43-7.2. Over two years later, he wrote to his trial counsel to advise he was "considering submitting an appeal or . . . a Motion for Reconsideration," but had lost "some of [his] legal material" in a prison move. He accordingly asked counsel for a "courtesy copy of the discovery" in his case.

Eighteen months later, he filed a pro se petition for post-conviction relief, attaching that letter to his plea counsel and asserting:

(1) ineffective assistance of counsel;

(2) motions to suppress not answered;

(3) this motion past statute of limitation due to ineffective counsel (document attached of lost paperwork); and

(4) constitutional violations.

The court appointed counsel, who filed a brief on defendant's behalf "in support of and in supplement" to his petition but did not amend the petition or file a supplemental certification. Although counsel wrote that "[a]ll points in

the brief are included in defendant's assertions," she raised only two points. The brief urged defendant's counsel had been ineffective "because counsel did not investigate [defendant's] alibi witness and did not file his appeal."

At oral argument on the petition, counsel began by confirming with defendant that he'd received a copy of her brief, the State's brief and the investigation results because they had been returned to her "several times," apparently as a result of being misaddressed. When defendant confirmed he'd "just got" the materials, counsel asked him whether there was "[a]nything [he] wanted [her] to argue differently, in addition to what [she'd] already argued in the brief." The transcript reflects defendant responded, "uh-uh." Defendant was not queried further. Because counsel elected to rely on their respective briefs, there was no oral argument.

Instead, the judge put a decision on the record, subsequently memorialized in a written opinion, denying the petition as without merit. As to counsel's alleged failure to investigate an alibi, the judge noted defendant had nowhere claimed to actually have an alibi. He further observed that five people, all of whom knew defendant, put him in the vicinity of the crime at the time of the murder and two of those five identified defendant as the shooter.

3

The judge likewise noted defendant had not asserted that he actually directed his attorney to file an appeal on his behalf, but only that he wanted to appeal and that his counsel had not assisted him in doing so. The judge found there would be no reason for counsel to have filed an appeal on defendant's behalf here without having been asked or directed to do so. See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000); State v. Jones, 446 N.J. Super. 28, 33-35 (App. Div. 2016). Finding defendant had failed to identify any error committed by his defense counsel, the judge concluded defendant could not establish the first prong of the Strickland[1] standard for establishing an ineffective assistance of counsel claim and dismissed the petition.

Defendant does not assert any error in the judge's decision dismissing the petition. Instead, he argues his PCR counsel was plainly ineffective, and asks that we remand to permit a new proceeding in which he could assert his claims. He styles the issues as follows:

> POINT I.
>
> THIS PANEL MUST REVERSE THE PCR COURT'S DENIAL OF POST-CONVICTION RELIEF AND REMAND THE MATTER FOR A NEW PROCEEDING BECAUSE PCR COUNSEL'S LEGAL REPRESENTATION FELL BELOW THE

---

[1] Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

PROFESSIONAL STANDARD REQUIRED BY R. 3:22-6(d). (not raised below)

POINT II.

AS THE PCR COURT FAILED TO ADJUDICATE ALL OF MR. BURROWS' CLAIMS, THIS MATTER MUST BE REMANDED FOR A NEW PCR PROCEEDING. (not raised below)

Although we would ordinarily be inclined to direct a defendant alleging ineffective assistance of PCR counsel to file a new petition in order to permit the trial court to consider the claim in the first instance, see R. 3:22-12(a)(2)(C); State v. Armour, 446 N.J. Super. 295, 317 (App. Div. 2016), we will not do so here. It is obvious from the transcript of oral argument that defendant's counsel had been unable to consult with him in formulating the issues to be raised on appeal and, contrary to counsel's representations in her brief in support of the petition, she did not assert all of the issues defendant raised in his petition. See R. 3:22-6(d); State v. Webster, 187 N.J. 254, 257 (2006) (reaffirming the holding of State v. Rue, 175 N.J. 1 (2002), that counsel's brief on PCR "must advance the arguments that can be made in support of the petition and include [the] defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them"). Further, we are not confident that defendant's "uh-uh" on the

5

record can be taken as an endorsement of counsel's arguments in his behalf and abandonment of the issues he raised in his petition.

Although we find no error in the trial judge's opinion dismissing the petition, we, nevertheless, vacate the order and grant defendant a new PCR proceeding, which shall proceed as a first petition with new counsel, so that he might assert whatever claims he has with the assistance of counsel who will consult with him, investigate the claims, examine the record, amending the petition if necessary, and "fashion the most effective arguments possible." State v. Velez, 329 N.J. Super. 128, 133 (App. Div. 2000). We express no opinion on the merits of any such claims, as our decision rests solely on the failure of PCR counsel to comply with the requirements of Rule 3:22-6(d). See State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010); see also Rue, 175 N.J. at 4. We reject as unwarranted defendant's request that the matter be assigned to another judge on remand.

Vacated and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3117-18T1