**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4219-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KHARY ARRINGTON, a/k/a
KHARY SHARIFF JACKSON,

     Defendant-Appellant.

_____

Submitted March 26, 2019 – Decided May 28, 2019

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Union County and Middlesex County, Indictment Nos. 05-01-0076, 05-03-0412, 05-10-1136, and 05-10-1143.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth Elizabeth Hunter, Designated Counsel, on the brief).

Michael A. Monahan, Acting Prosecutor of Union County, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Khary Arrington appeals from a February 15, 2017 order denying his petition for post-conviction relief (PCR). Defendant argues that the PCR court erred in denying his petition without an evidentiary hearing and misapplied the standard for his request to withdraw his guilty plea. He also contends that he should be allowed to file a direct appeal. We reject these arguments and affirm because defendant's petition was time-barred under Rule 3:22-12(a)(1) and otherwise lacked merit.

I.

In 2005, defendant was charged with nineteen crimes under four indictments. Those charges included second- and third-degree offenses of possession of controlled dangerous substances (CDS) with intent to distribute, and weapons offenses. That same year, defendant pled guilty to four crimes, one under each of the indictments. Specifically, he pled guilty to second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); and third-degree possession of heroin with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7. In July

A-4219-16T2

2006, defendant was sentenced to an aggregate term of seven years in prison with eighteen months of parole ineligibility.

Defendant did not file a direct appeal. Instead, he served his sentence and was released. Thereafter, defendant was charged and convicted of federal crimes. He was sentenced to an extended term of twelve years in federal prison.

In January 2015, defendant filed a pro se petition for PCR. He then obtained legal counsel and counsel filed a supplemental brief on his behalf. On October 27, 2016, the PCR court heard oral argument from counsel. Defendant was not present because he was in federal prison, but his counsel waived his appearance.

On February 15, 2017, the PCR court denied defendant's petition and issued a written opinion explaining that ruling. In seeking PCR before the Law Division, defendant argued that his trial counsel had been ineffective in failing to inform him about the future consequences of his guilty pleas if he was convicted of federal crimes, failing to object to the insufficient factual basis of his pleas, and failing to file a direct appeal. In connection with those arguments, defendant asserted that the five-year time bar should be relaxed because he could show excusable neglect and his contentions should be considered on their merits in the interest of justice. He also argued that he was entitled to an evidentiary

hearing. Finally, defendant argued that he should be allowed to withdraw his pleas because he had provided an insufficient factual basis.

The PCR court analyzed each of those arguments and rejected them. First, the court found that the petition had been filed beyond the five-year limitation period and defendant had not shown excusable neglect or an interest of justice supporting relaxation of the time bar. The court also found that defendant failed to make a prima facie showing of ineffective assistance of counsel. Finally, the court reviewed defendant's plea transcript and found that defendant had given a factual basis for each of the four crimes to which he pled guilty, had entered his pleas knowingly, intelligently, and voluntarily, had not asserted a colorable claim of innocence, and had not otherwise provided a sufficient basis to withdraw his pleas.

## II.

On this appeal, defendant makes three arguments, which he articulates as follows:

> POINT I – THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING BECAUSE IT FAILED TO CONSIDER DEFENDANT'S CLAIM THAT HIS ATTORNEYS MISADVISED HIM CONCERNING THE NUMBER OF CONVICTIONS TO WHICH HE WAS PLEADING GUILTY.

A-4219-16T2

POINT II – THE PCR COURT'S DECISION SHOULD BE REVERSED BECAUSE IT MISAPPLIED STATE V. SLATER, 198 N.J. 145 (2009). SEE STATE V. O'DONNELL, 435 N.J. SUPER. 351 (App. Div. 2014).

POINT III – DEFENDANT IS ENTITLED TO FILE A DIRECT APPEAL PURSUANT TO STATE V. JONES, 446 N.J. SUPER. 28 (APP. DIV. 2016), BECAUSE DEFENDANT REQUESTED THAT HIS ATTORNEY FILE AN APPEAL, BUT HIS ATTORNEY FAILED TO DO SO.

We reject defendant's arguments concerning ineffective assistance of counsel because his petition is time-barred. Moreover, to the extent that he made a motion to withdraw his guilty pleas, that application lacks substantive merit.

A. The PCR Petition Is Time-Barred

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay "was due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" R. 3:22-12(a)(1)(A). Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State

v. Afanador, 151 N.J. 41, 52 (1997)).  Moreover, we have held that when a first PCR petition is filed more than five years after the date of entry of the judgment of conviction, the PCR court should examine the timeliness of the petition and the defendant must "submit competent evidence to satisfy the standards for relaxing the rule's time restrictions[.]" State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).  Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Milne, 178 N.J. 486, 492 (2004) (quoting Afanador, 151 N.J. at 52).

Here, defendant was sentenced on July 20, 2006.  His petition for PCR, however, was filed on January 9, 2015, more than eight years after he was sentenced.  In the Law Division, defendant claimed excusable neglect because he did not have access to law books.  The Law Division rejected that argument and we do as well.  Defendant offered no proof that he could not have accessed legal counsel or the free law libraries that were available to him.  In addition,

6

"[i]gnorance of the law and rules of court does not qualify as excusable neglect." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003); accord State v. Jackson, 454 N.J. Super. 284, 295 n.6 (App. Div. 2018).

Defendant also cannot establish a fundamental injustice would occur if the time-bar is enforced. As previously noted, defendant was indicted for nineteen crimes, including a number of second- and third-degree crimes arising from different incidents. If he had gone to trial, his potential exposure was a substantial period of incarceration that could have been in excess of twenty years. By pleading guilty, defendant was able to negotiate a plea agreement where he was sentenced to an aggregate term of seven years with eighteen months of parole ineligibility.

B.    The PCR Petition Lacked Merit

Furthermore, there was no showing that required an evidentiary hearing on defendant's PCR petition. A defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie showing in support of the petition. R. 3:22-10(b); State v. Rose, ___ N.J. Super. ___, ___ (App. Div. 2019) (slip op. at 7) (quoting R. 3:22-10). To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test:  (1)

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test). To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Moreover, a defendant must make those showings by presenting more than "bald assertions" that he or she was denied the effective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Before the Law Division, defendant argued that his trial counsel was ineffective by not advising him of the potential collateral consequences if, in the future, defendant was convicted of a federal crime. The PCR court correctly noted that there were no pending federal charges against defendant when he pled guilty in 2005 or when he was sentenced in 2006. Consequently, there was no requirement that his plea counsel advise him of the potential collateral

consequences of a future potential federal conviction. State v. Wilkerson, 321 N.J. Super. 219, 227 (App. Div. 1999).

Before us, defendant contends that his trial counsel was ineffective because he was led to believe that his four guilty pleas would be considered as one conviction. That argument is rebutted by the record. When defendant pled guilty, he was clearly advised that he was pleading guilty to four separate crimes. Indeed, defendant reviewed and signed four separate plea forms. At his plea hearing, the court then reviewed each of the four crimes and defendant acknowledged that he was pleading guilty to four separate crimes. Thereafter, at his sentencing, defendant was also advised and sentenced on the four separate crimes.

C.    Defendant's Request to File a Direct Appeal

Defendant next contends that his trial counsel was ineffective in failing to file a direct appeal and that he is entitled to an order allowing him to file a direct appeal. Defendant also contends that, at a minimum, he is entitled to an evidentiary hearing concerning his request to file a direct appeal. We disagree.

There is a presumption that a defendant was prejudiced by counsel's performance if the defendant can show that he or she requested counsel to file a direct appeal, and counsel failed to file that appeal. See Roe v. Flores-Ortega,

528 U.S. 470, 483 (2000); State v. Carson, 227 N.J. 353, 354 (2016); State v. Jones, 446 N.J. Super. 28, 30-31, 33-34 (App. Div.), certif. denied, 228 N.J. 72 (2016).  Here, that presumption of prejudice does not apply because defendant relies entirely on bald assertions to support his claim that he instructed trial counsel to file an appeal on his behalf, and counsel refused to comply.

Defendant's PCR petition did not assert that he had requested counsel to file an appeal, nor did he submit any certifications or sworn statements declaring he had instructed counsel to file an appeal.  Instead, the assertions appear only in defendant's briefs submitted by PCR counsel.  Without any supporting evidence, the assertions in defendant's briefs do not entitle him to the presumption that he was prejudiced by counsel's performance.  Compare Carson, 227 N.J. at 354-55 (granting defendant forty-five days to file an appeal after both defendant and defense counsel certified that defendant had asked counsel to file an appeal, and counsel had not done so); and Jones, 446 N.J. Super. at 30-31, 34 (restoring defendant's right to appeal after defendant provided an undisputed sworn statement that he had directed his attorney to file an appeal); with Cummings, 321 N.J. Super. at 170-71 (finding assertions unsupported by affidavits or certifications to be insufficient to support a prima facie case of ineffectiveness).

When a defendant has not shown that he or she requested that counsel file an appeal, courts should consider "'whether counsel's assistance was reasonable considering all the circumstances,' and whether counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal[.]'" Jones, 446 N.J. Super. at 33-34 (first alteration in original) (citations omitted) (quoting Flores-Ortega, 528 U.S. at 478, 484). Under this standard, defendant also has not demonstrated a prima facie claim of ineffective assistance of counsel based on the failure to file an appeal.

Defendant presents no evidence that counsel's alleged deficient performance caused the forfeiture of defendant's appeal. Instead, the record reveals that when defendant was sentenced in 2006, he was expressly advised that he had forty-five days to file a direct appeal. Consequently, forty-five days after his sentencing, defendant knew or should have known that no direct appeal had been filed. Indeed, defendant served his entire sentence and was released prior to filing his PCR petition. Under these circumstances, defendant is not entitled to file a direct appeal or to an evidentiary hearing.

D. The Request to Withdraw His Guilty Pleas

Finally, in the papers filed before the Law Division, defendant argued that he should also be allowed to withdraw his guilty pleas because he did not

provide a sufficient factual basis. The PCR court reviewed defendant's plea transcript and found that defendant had made knowing, voluntary, and intelligent pleas of guilt to each of the four crimes. That analysis is set forth in the PCR court's written opinion. We have independently reviewed the plea transcript and agree that defendant gave an adequate factual basis for all four of the crimes to which he pled guilty.

On this appeal, defendant argues that the PCR court used the wrong standard in evaluating his argument. Specifically, he contends that a motion to withdraw a guilty plea and a claim of ineffective assistance of counsel are two distinct forms of relief that are governed by different standards. We agree with that proposition. Nevertheless, defendant has failed to show that the PCR court erred.

The PCR court first evaluated defendant's claims of ineffective assistance of counsel and, under the appropriate standards, rejected those contentions, including the contention that counsel was ineffective for failing to object to defendant's insufficient factual bases at the plea hearing. Having conducted a de novo review, we agree that defendant has not established a basis for PCR relief.

The trial court also separately analyzed defendant's claims seeking to withdraw his guilty pleas. In that regard, the trial court correctly analyzed the claims under the four factors set forth in State v. Slater, 198 N.J. 145, 157-58 (2009). Again, having conducted a de novo review, we agree with the trial court that defendant did not establish any of the four factors, and, thus, defendant is not entitled to withdraw his guilty plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION