**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2747-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAQUAN A. SUBER, a/k/a
AQUIL JAQUAN SUBER,

     Defendant-Appellant.

_____

Submitted March 12, 2025 – Decided June 3, 2025

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-12-1637.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant, Jaquan A. Suber, appeals from the court's order of March 27, 2023, denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our careful review of the record and the application of precedential law, we conclude defendant failed to establish a claim for ineffective assistance of trial or appellate counsel. We affirm.

We are familiar with the procedural history and facts underlying this matter, having affirmed defendant's conviction on direct appeal. See State v. Suber, No. A-3235-18 (App. Div. Dec. 11, 2020). We need not repeat that information in full here. For context, we note:

> Defendant was charged in an indictment with the following offenses: third-degree aggravated assault by pointing a firearm at a law enforcement officer, in violation of N.J.S.A. 2C:12-1(b)(9) (counts one through seven); fourth-degree aggravated assault with a firearm, in violation of N.J.S.A. 2C:12-1(b)(4) (counts eight and nine); first-degree attempted murder, in violation of N.J.S.A. 2C:5-1(a)(1) and 2C:11-3(a)(1) (counts ten through twelve); third-degree resisting arrest, in violation of N.J.S.A. 2C:29-2(a)(3)(a) (count thirteen); second-degree possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(a) (count fourteen); first-degree possession of a weapon without having obtained a permit, in violation of N.J.S.A. 2C:39-5(b) and 2C:39-5(j) (count fifteen); and second-degree possession of a firearm by a previously convicted person, in violation of N.J.S.A. 2C:39-7(b) (count sixteen). Counts eight and ten were later dismissed.

A-2747-22

[Id. at 7.]

A "jury convicted defendant on fourteen counts. He was sentenced to an aggregate term of forty-five years in prison with a thirty and one-half-year period of parole eligibility." Id. at 12.

Defendant petitioned for PCR. He contended trial counsel was ineffective for failing to: (1) object to the admission of prior "bad act" evidence under N.J.R.E. 404(b) and State v. Cofield, 127 N.J. 328 (1992); and (2) summon Detective Dennis Conway to testify at trial. In addition, he contended appellate counsel was ineffective for failing to "argue that the sentence imposed was excessive and that the court improperly considered aggravating factors and failed to consider relevant mitigating factors."

As to the admission of prior bad act evidence, defendant contended "the [S]tate was allowed to present testimony which suggested that [defendant] was engaged in wrongdoing in his apartment by mixing various liquids together and then by leaving the stove on with the gas running." Defendant argued it was clear that "such allegations [we]re meant to imply that [he] was engaged in attempted arson."

Defendant argued that because "trial counsel never objected, the [c]ourt did not engage in the requisite analysis set forth in Cofield." Defendant

contended "[c]ompetent counsel would have argued that under the Cofield test the evidence should [have been] excluded" or "reasonably competent counsel would have requested a limiting instruction from the [c]ourt, so the jury could understand that it could not consider the prior bad act evidence for just any reason, including that defendant had a propensity to engage in crime." Defendant contended he was prejudiced by trial counsel's failures because he did not get a fair trial.

As to the failure of trial counsel to summon Detective Conway to testify at trial, defendant acknowledged counsel's "strategic decisions" are "virtually unchallengeable." Nevertheless, he asserted "a less than complete investigation of the law and facts are subject to scrutiny."

Defendant contended that had Detective Conway "been called as a witness it would have been shown that [defendant] never fired any shots at the officers and never discharged the weapon." Defendant relied on "a police report prepared by the officers in this case." He asserted the report "state[d] that [he] had pointed his handgun at the officers during the encounter. However, it never state[d] that [defendant] ever fired his weapon at any time." Therefore, defendant argued if Detective Conway "had been called as a witness, he would have testified consistently with this report and would have confirmed that no

4

shots were ever fired by" defendant. Thus, defendant asserted he was entitled to a new trial.

As to appellate counsel's failures regarding the purported excessive sentence, defendant stated that "many of the sentences imposed . . . were ordered to run consecutive to each other." Further, "the trial court engaged in double counting of the aggravating factors, [and] failed to properly weigh the factors as required by State v. Yarbough, 100 N.J. 627 (1985)." Defendant asserted "the [trial] court erred in imposing consecutive sentences."

Defendant contended "[r]easonably competent appellate counsel would have raised the excessiveness of the sentence on appeal and argued that the double counting of [defendant]'s prior record led to the imposition of an improper and excessive sentence." In addition, "[a]ppellate [c]ounsel would have argued on direct appeal that an explicit statement, explaining the overall fairness of a sentence imposed on a defendant for multiple offenses in a single proceeding or in multiple sentencing proceedings, [wa]s essential to a proper Yarbough sentencing assessment." Therefore, defendant contended he was "entitled to a re-sentencing."

The court applied the <u>Strickland</u>[1] test for ineffective assistance of counsel. The court determined that "counsel's performance was not objectively deficient." Instead, it found counsel's actions "were highly . . . strategic in nature" and reflected an "exercise of judgment during trial."

The court considered counsel's failure to object to prior bad act evidence, and relied on our opinion. The court stated

> [t]he testimony was not presented to show the defendant was predisposed to commit a crime, as he was not charged with any crimes related to flammable liquids, or gas discharge, rather the testimony was used to establish the sequence of events. Therefore the [a]ppellate [c]ourt concluded the references to the gas stove d[id] not constitute plain error.
>
> . . . So, as I understand this, the defendant argues that his attorney was ineffective for not objecting to testimony that the [a]ppellate [c]ourt ruled was not [plain] error.
>
> The [a]ppellate [c]ourt in discussing this issue also noted, [m]oreover[,] there was ample evidence to support the defendant's convictions.

Further, the court stated we addressed "the claim of permitting . . . the prior bad acts" testimony "head on" and "found [the argument] not to be valid."

---

[1] <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

The court considered defendant's contention that trial counsel was ineffective for failing to summon "D[etective] Conway as a rebuttal witness to testify that the defendant never fired his gun." However, the court found "defendant's position, . . . [wa]s only an assumption." While the court recognized defendant's argument "that [Detective] Conway never stated that the defendant fired his weapon at any time," it also noted, "as the State pointed out, the detective never stated that the defendant did not fire his weapon." Further, the court noted "there was overwhelming evidence that the defendant did fire his weapon, including testimony of several police officers who saw and/or heard the shot, and a video depicting the event, including an explosion emanating from the handgun being held by the defendant." Thus, the court concluded there was no showing that the result of summoning Detective Conway to testify at trial would "have been any different, or that there was a miscarriage of justice."

As to defendant's claim that appellate counsel failed to assert an argument regarding the purported excessive sentence, the court concluded "defendant was justly sentenced." The court determined "defendant ha[d] not shown that the [sentence] would have been any different, or that there was a miscarriage of justice."

Having concluded defendant failed to meet his burden to establish a prima facie case of ineffective assistance of counsel, the court found no "justification for a plenary hearing" and denied PCR.

On appeal defendant raises the following argument for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO IMPROPER N.J.R.E. 404(B) OTHER CRIMES TESTIMONY AND FAILING TO CALL A KEY WITNESS AT TRIAL, AND ON HIS CLAIM THAT APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ARGUE ON APPEAL THAT HIS SENTENCE WAS EXCESSIVE.

Defendant reiterates the arguments he made to the trial court. He contends he was provided ineffective assistance of trial counsel because trial counsel failed to object to prior bad act testimony and call Detective Conway to testify at trial regarding the silence in the police report concerning defendant's discharge of his gun. Further, he reiterates that appellate counsel provided ineffective assistance for not asserting an argument as to the sentence.

We begin our discussion with a review of the principles governing our analysis. PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J.

451, 459 (1992)). "A petitioner must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)).

Under Rule 3:22-2(a), "[a] petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." Under the Rule, we recognize that "[t]hose accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10). "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' . . . rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (second alteration in original) (quoting Strickland, 466 U.S. at 685-86).

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland,

466 U.S. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second "far more difficult prong," a defendant must show that his or her defense was prejudiced. Gideon, 244 N.J. at 550 (quoting Preciose, 129 N.J. at 463). The defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "Prejudice is not to be presumed." Gideon, 244 N.J. at 551 (quoting State v. Fritz, 105 N.J. 42, 52 (1987)). "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693).

If defendant fails to "make[] both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

"[T]rial courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of" PCR. Preciose, 129 N.J. at 459. "[C]ourts should

10

view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. 462-63. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, . . . will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). "Nevertheless, in order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

Applying these well-established legal standards and having carefully reviewed the record on appeal, we are convinced defendant failed to establish a prima facie right to an evidentiary hearing or PCR.

As to defendant's contentions regarding bad act evidence, Rule 404(b) provides:

> (1) Prohibited Uses. — Except as otherwise provided by Rule 608(b), evidence of other crimes, wrongs, or acts is not admissible to prove a person's disposition in order to show that on a particular occasion the person acted in conformity with such disposition.

> (2) Permitted Uses. — This evidence may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident when such matters are relevant to a material issue in dispute.

When we addressed defendant's argument on this issue on direct appeal, we noted:

> Defendant was not charged with any crimes relating to the flammable liquids or gas discharge. The testimony was not presented to show defendant was predisposed to commit a crime. Instead[,] it was introduced as [Detective Dennis] Pothos narrated the sequence of events – what led the detectives to defendant's apartment and what occurred thereafter.
>
> [Suber, slip op. at 17.]

Therefore, we determined the admission of this evidence was not plain error. Thus, on the petition for PCR, we conclude trial counsel's representation was not deficient. Defendant fails to establish, prima facie, the first Strickland prong.

Moreover, given the "overwhelming evidence" of defendant's guilt, we perceive no prejudice in counsel's purported failures. Thus, defendant fails to establish, prima facie, the second Strickland prong.

As to trial counsel's failure to summon Detective Conway to trial, we are not convinced defendant established, prima facie, ineffective assistance of

12

counsel. Defendant baldly asserts that the silence in the police report—as to his discharging his gun—leads necessarily to the conclusion that Detective Conway would testify that defendant did not fire it.

Moreover, in our prior opinion we noted there was "ample evidence to support defendant's convictions," Suber, slip op. at 17; and the PCR court, in its opinion, noted "there was overwhelming evidence that the defendant did fire his weapon, including testimony of several police officers who saw and/or heard the shot, and a video depicting the event, including an explosion emanating from the handgun being held by the defendant." Under these circumstances, trial counsel's strategy—not to summon another State's witness to testify at trial— was sound. Therefore, we conclude defendant fails to establish, prima facie, the first Strickland prong. Further, we perceive no prejudice in not summoning Detective Conway, and thus conclude defendant failed to establish, prima facie, the second Strickland prong.

Lastly, we consider defendant's argument regarding appellate counsel's failure to argue the sentence was excessive in the direct appeal. Under Rule 3:22-2:

> A petition for [PCR] is cognizable if based upon any of the following grounds:
>
> . . . .

A-2747-22

(c) Imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other grounds cognizable under paragraph (a), (b), or (d) of this rule. Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to R[ule] 3:21-10(b)(5).

. . . .

(e) A claim of ineffective assistance of counsel based on trial counsel's failure to file a direct appeal of the judgment of conviction and sentence upon defendant's timely request.

Defendant does not assert the sentence imposed was "in excess of or otherwise not in accordance with the sentence authorized by law." R. 3:22-2(c). Therefore, subsection (c) is unavailing.

Defendant argues that appellate counsel failed to raise an argument that the trial court "double count[ed] . . . [defendant]'s prior record le[a]d[ing] to the imposition of an improper and excessive sentence" and failed to "explain[] the overall fairness of a sentence imposed" under Yarbough.

Defendant does not contend that he "request[ed]" appellate counsel to assert these arguments. R. 3:22-2(e). "[W]hen a defendant has not conveyed his wishes regarding the filing of an appeal . . . we consider 'whether counsel's assistance was reasonable considering all the circumstances.'" State v. Jones,

446 N.J. Super. 28, 33 (App. Div. 2016) (internal quotation marks omitted) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000)).

We have reviewed the transcript of the sentencing hearing. The sentencing court explained, in detail, its reasoning for imposing the sentence. The court considered and explained the applicability of mitigating and aggravating factors. In addition, the court cited the Court's decision in Yarbough, and its application to the matter. Considering these circumstances, we conclude appellate counsel's representation was not deficient for failing to assert a sentencing argument on direct appeal. Defendant fails to establish, prima facie, the first Strickland prong. Moreover, given the comprehensive decision as to sentencing, we perceive no prejudice to defendant for appellant counsel's alleged failures and thus conclude defendant failed to establish, prima facie, the second Strickland prong.

Given our conclusions that defendant failed to make a prima facie showing of ineffective assistance of counsel, there was no error in the court's denial of an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15

A-2747-22