NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1155-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SHANIQUA A. PIERRE, a/k/a SHEEK,

 Defendant-Appellant.
____________________________________________

 Submitted October 10, 2017 – Decided November 15, 2017

 Before Judges Messano and Accurso.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Indictment No.
 11-02-0440.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Durrell Wachtler Ciccia,
 Designated Counsel, on the brief).

 Mary Eva Colalillo, Camden County Prosecutor,
 attorney for respondent (Jason Magid,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant Shaniqua A. Pierre pled guilty to first-degree

aggravated manslaughter, N.J.S.A. 2C:11-4(a). During her colloquy
with the judge, defendant denied taking any drugs or alcohol that

might have affected her ability to think clearly that day,

evidenced an understanding of her rights and the terms of the plea

bargain and indicated she was knowingly and voluntarily pleading

guilty.

 Defendant filed a pro se request to withdraw her plea prior

to sentencing, claiming she suffered from bi-polar disorder and

had not taken her medications for some period prior to pleading

guilty. Noting that she had some contact with the jail regarding

defendant's "psychiatric issue[s]," defense counsel requested an

adjournment to review defendant's complete medical records. The

judge denied the adjournment, considered the factors enunciated

in State v. Slater, 198 N.J. 145, 158-62 (2009), denied defendant's

motion to withdraw her guilty plea and sentenced her in accordance

with the plea bargain to twenty-five years' imprisonment, subject

to the No Early Release Act, N.J.S.A. 2C:43-7.2.

 Our colleagues heard defendant's appeal of her sentence on

the Excessive Sentence Oral Argument calendar. They remanded the

matter to the trial court to permit defendant to "renew her motion

to withdraw her guilty plea . . . with supporting medical records

and any other appropriate amplified proofs." State v. Shaniqua

A. Pierre, order remanding matter to trial court, No. A-2225-11

(App. Div. Nov. 13, 2012).

 2 A-1155-15T3
 On remand, the judge conducted a hearing, at which Dr. Edward

J. Dougherty, a forensic psychologist, and defendant testified.

Based on his review of defendant's medical records and clinical

interview, Dr. Dougherty concluded defendant suffered from bipolar

disorder and schizoaffective disorder. Dr. Dougherty opined that

defendant would have exhibited observable symptoms of her illness

had she not been taking her medication at the time she pled guilty.

Defendant testified that although she was given the medication at

the jail, she "cheek[ed] it," i.e., kept it in her mouth without

swallowing and sold it instead.

 The judge did not believe defendant's testimony. He found

that although she claimed to have stopped taking her medication,

defendant exhibited no decompensating symptoms during the plea

allocution, which had been video recorded. He again denied

defendant's motion to withdraw her guilty plea and reaffirmed his

findings of aggravating and mitigating sentencing factors in

support of the sentence imposed.

 Defendant did not file a direct appeal, but, instead, filed

a pro se petition for post-conviction relief (PCR). She alleged

trial counsel provided ineffective assistance (IAC) by failing to

psychiatrically evaluate defendant and assert a diminished

capacity defense. Defendant claimed that she would not have pled

guilty had counsel performed adequately.

 3 A-1155-15T3
 PCR counsel was appointed and filed an extensive brief in

support of the petition raising other arguments, including trial

counsel's failure to file a direct appeal following the remand

hearing and trial counsel's concession during the remand hearing

that defendant did not assert a "colorable claim of innocence."

See Slater, supra, 198 N.J. at 158-59.1 The PCR judge, who was

not the trial judge, granted defendant an evidentiary hearing.

 Defendant testified and called Dr. Kenneth Weiss, a forensic

psychiatrist, and trial counsel as additional witnesses.

Defendant again stated that she never took her medications and

sold them inside the jail instead. After her motion to withdraw

was denied following remand, she advised her attorney she wanted

to appeal. Dr. Weiss concluded that at the time of her guilty

plea, defendant's "mental state was impaired to the point that

. . . the waiver of rights and the guilty plea, were neither

knowing, intelligent nor voluntary."

 Trial counsel testified that the State's evidence against

defendant was very strong, and she urged defendant to accept the

plea bargain. She never sought defendant's medical records until

1
 Apparently, the petition was supported by a certification from
trial counsel that is not in the appellate record. However, in
her oral decision granting defendant an evidentiary hearing, the
PCR judge referenced some of the certification's contents.

 4 A-1155-15T3
defendant filed her pro se motion to withdraw her guilty plea.

Counsel thought that was a terrible idea and so advised defendant.

 Counsel believed defendant had no "colorable claim of

innocence" and acknowledged conceding that point during the remand

hearing, arguing instead on remand that defendant's guilty plea

was not voluntarily given. Counsel did not recall Dr. Daugherty's

testimony, but she claimed our remand order required defendant "do

something" by way of further medical proof or withdraw the

application. Defendant refused to withdraw her motion to retract

her guilty plea. In the end, counsel was not "excited about

bringing [Dr. Daugherty] before the court." Lastly, counsel

acknowledged that she did not file a direct appeal following the

remand, but stated defendant never asked her to do so.

 In a thorough oral opinion, the PCR judge found defendant and

Dr. Weiss were not credible witnesses. The judge also found trial

counsel was credible. Based upon her review of defendant's guilty

plea, the judge concluded defendant voluntarily and knowingly pled

guilty. The judge conducted her own analysis of the Slater factors

and rejected any claim that defendant should be permitted to

withdraw her guilty plea or that trial counsel's performance was

deficient.

 5 A-1155-15T3
 Before us, defendant raises a single point:

 THE LOWER COURT ERRED IN DENYING DEFENDANT'S
 REQUEST TO WITHDRAW HER PLEA BARGAIN

Having considered the argument, we affirm.

 Although defendant continues to assert an IAC claim, she

fails to explain exactly how trial counsel was deficient. Rather,

defendant's complete legal argument is as follows:

 It was an abuse of discretion for the lower
 court to discard the opinion of the medical
 expert. Dr. Weiss opined that, to a
 reasonable degree of psychiatric certainty,
 [defendant] was not acting in a knowing and
 voluntary manner at the time of her plea and
 should have been able to retract her plea.
 Based on the doctor's opinion, the lower court
 should have withdrawn the plea and granted
 [defendant] a jury trial.

There are several reasons why this argument lacks sufficient merit

to warrant extensive discussion. R. 2:11-3(e)(2).

 Defendant's challenge to the denial of her motion to withdraw

her guilty plea following the remand hearing was never raised on

direct appeal, even though it could have been. It is, therefore,

barred by Rule 3:22-4 (generally barring PCR relief on a "ground

. . . not previously asserted" unless the claim "could not have

been raised in any prior proceeding" or "enforcement of the

bar . . . would result in [a] fundamental injustice").

 Defendant would be entitled to relief from this procedural

bar if trial counsel provided ineffective assistance by not filing

 6 A-1155-15T3
an appeal when requested. See State v. Perkins, 449 N.J. Super.

309, 311 (App. Div. 2017) ("[T]rial counsel's failure to file a

direct appeal when requested by the defendant is presumed

prejudicial and constitutes ineffective assistance of counsel"

permitting a defendant to file a direct appeal out of time). Here,

however, the PCR judge found as a fact defendant never asked trial

counsel to file an appeal after the denial of her motion to

withdraw her guilty plea following remand.

 Most importantly, even if, for example, we considered Dr.

Weiss's report as newly discovered evidence making the argument

cognizable at this point, the PCR judge carefully detailed the

reasons why she rejected Dr. Weiss's opinion. "We defer to the

findings of the PCR court in weighing witness testimony when those

findings are supported by sufficient credible evidence in the

record." State v. Nash, 212 N.J. 518, 553 (2013). That was the

case here.

 Affirmed.

 7 A-1155-15T3