**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3965-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GUSTAVO A. CIFUENTES, a/k/a
ADOLFO GUSTAVO and HOLGUIN
SARDI,

    Defendant-Appellant.

_____

Submitted May 24, 2018 — Decided July 9, 2018

Before Judges Mayer and Mitterhoff.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Indictment No.
11-04-0876.

Joseph E. Krakora, Public Defender, attorney
for appellant (Dianne Glenn, Designated
Counsel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor,
attorney for respondent (Jenny X. Zhang,
Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant Gustavo Cifuentes appeals from an April 10, 2017 order denying his petition for post-conviction relief (PCR). The State does not oppose the appeal. We reverse.

The matter arises from an incident that took place on November 27, 2010. After drinking four Long Island iced tea alcoholic beverages and seven beers the night before, defendant's next recollection was being arrested at the victim's house. Police were dispatched to the location pursuant to a report that the victim was walking barefoot in the middle of the road. The victim reported that defendant entered her apartment and raped her. When police arrived at the victim's apartment, defendant was asleep and when the police woke him up, he claimed that he had no recollection of the events.

Defendant was charged as follows: three counts of first-degree aggravated sexual assault during the commission of a crime, N.J.S.A. 2C:14-2(a)(3); three counts of first-degree aggravated assault with a weapon, N.J.S.A. 2C:14-2(a)(4); four counts of second-degree sexual assault with force or coercion, N.J.S.A. 2C:14-2(c)(1); two counts of second-degree burglary, N.J.S.A. 2C:18-2(a); third-degree burglary, N.J.S.A. 2C:18-2; third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

Defendant pled guilty to two counts of first-degree aggravated sexual assault and was sentenced to an aggregate term of fourteen years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant's trial counsel did not file a direct appeal of the sentence.

Thereafter, defendant filed a petition for post-conviction relief based on ineffective assistance of counsel. Defendant contended in his petition that his trial counsel failed to file an appeal despite his request to do so. According to defendant, he had meritorious grounds for his appeal. Specifically, defendant claimed that the trial court improperly failed to consider whether defendant's extreme intoxication was a mitigating factor during sentencing.

The trial court denied defendant's application on three bases:

> First, defendant has offered no specific, credible evidence that he even requested that his attorney file an appeal on his behalf. A bare, self-serving statement in his Verified Petition is insufficient to convince this court that he requested that his attorney file an appeal.
>
> Second, the defendant in this case was charged in a fifteen-count indictment, which consisted of six first-degree charges and four second-degree charges. His attorney diligently negotiated a plea bargain that called for a guilty plea to two first-degree sexual assaults, with the State recommending sixteen

A-3965-16T2

years NJSP. Defendant received the benefit of a fourteen-year sentence on each count to run concurrent[,] which was two years less than the State's recommendation under the terms of the plea. Under these circumstances, it would be reasonable for his trial attorney to believe that the defendant did not wish to appeal his sentence, especially given the thorough qualitative analysis of aggravating and mitigating factors conducted by the sentencing court.

Third, the sentencing court clearly and unambiguously advised the defendant of his right to appeal. After imposing an aggregate sentence of fourteen years NJSP, the court advised the defendant "[y]ou have 45 days to appeal. If you can't afford an attorney, one will be appointed for you. You have five years from today's date to file a petition for post-conviction relief." Even assuming arguendo that defendant's attorney did not consult the defendant about an appeal or file an appeal on his behalf after being asked to do so, the defendant clearly had knowledge that he could apply for a public defender for appeal purposes.

This appeal ensued.

On appeal, defendant makes the following argument:

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

The United States Supreme Court has developed a two-prong test to evaluate claims of ineffective assistance of counsel based on trial counsel's failure to timely file a direct appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477-85 (2000). First, the

defendant must show that his attorney failed to consult him about filing an appeal in a situation where "there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. A showing of either of these factors will satisfy the first prong of the test established in Strickland v. Washington, 466 U.S. 668, 690 (1984). See Ibid. Second, a defendant must show that there was "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 484.

In this case, defendant claimed that his trial attorney disregarded his request to file an appeal. The trial court found that there was insufficient evidence that defendant consulted with his trial attorney about the possibility of appeal. The judge also found that it would have been reasonable for trial counsel to believe defendant would not want to appeal in light of what the judge viewed as a very favorable plea bargain. Even accepting the trial judge's determination that trial counsel did not consult with defendant about the possibility of pursuing an appeal, defendant has established a prima facie case of ineffective assistance of counsel because under the particular facts of this case, "there is reason to think that a rational defendant would

want to appeal . . . ." Roe, 528 U.S. at 480. In that regard, aggravated sexual assault requires the defendant to act knowingly, see Model Jury Charges (Criminal), "Aggravated Sexual Assault (N.J.S.A. 2C:14-2a(3))" (rev. Jan. 24, 2005), and extreme intoxication may be an affirmative defense when it negates an essential element of the offense. See N.J.S.A. 2C:2-8(a).

The State concedes that defendant has established a prima facie case of ineffective assistance of counsel. Because defendant has been deprived of his right to an appeal, we reverse the order on appeal and hereby allow defendant forty-five days from the date of this opinion to file a notice of appeal from his conviction and sentence. See State v. Perkins, 449 N.J. Super. 309, 311 (App. Div. 2017).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3965-16T2