**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3303-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DION JONES,

    Defendant-Appellant.

_____

Submitted October 27, 2025 – Decided December 10, 2025

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-06-2000.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira A. Scurato, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Dion Jones appeals from the court's April 15, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm in part and vacate and remand in part.

I.

Defendant was indicted for first-degree carjacking, N.J.S.A. 2C:15-2(a)(1); second-degree conspiracy, N.J.S.A. 2C:5-2(a)(1); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and third-degree receiving stolen property, N.J.S.A. 2C:20-7(a). The charges arose from a May 25, 2015 incident in Newark, when an off-duty police officer confronted two armed suspects attempting to carjack his 2015 Honda Pilot. The officer's wife and three-year-old daughter were inside the vehicle when the suspects, including defendant, smashed the passenger-side window with a handgun. Upon hearing the commotion, the officer exited his home with his gun and identified himself as a police officer. The suspects turned towards him with their guns, prompting the officer to fire several shots. The suspects fled in a black Honda Civic that was later found three miles away riddled with bullet holes. Forensic testing matched the blood inside the Civic to defendant.

2

Defendant was arrested and initially charged with receiving stolen property. Subsequently, two law enforcement officers interrogated defendant and he gave multiple statements, which he later moved to suppress. Specifically, defendant sought to suppress three statements: two he gave to Detective Ryan Funk of the West Orange Police Department on April 19, 2016, and a third to New Jersey State Trooper Michael Williams on April 20, 2016.

Defendant argued his statements should be suppressed on several grounds. He contended he had not knowingly and intelligently waived his Miranda[1] rights because he was functionally illiterate and Detective Funk failed to secure an explicit waiver before questioning began. Second, defendant asserted that Detective Funk mischaracterized the nature of the investigation when he told him he was only being charged with receiving stolen property, rather than with carjacking, which exposed him to far greater criminal exposure.

After considering the testimony of both Detective Funk and Trooper Williams, and reviewing the videotaped statements and Miranda forms, the court denied defendant's motion. The motion judge found both officers credible, determined defendant had been informed of his Miranda rights three separate times, and determined defendant voluntarily waived those rights each time. The

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3303-23

court also noted, at the time of the interviews, defendant was twenty-four years old, had previous experience with law enforcement, and appeared to want to explain his version of events. The court acknowledged defendant stated he could not read but was persuaded by the fact that the officers appropriately read the Miranda rights aloud with defendant affirming his understanding. The court also determined the police had probable cause to charge defendant only with receiving stolen property and thus they were not required, under State v. A.G.D., 178 N.J. 56, 68 (2003), to advise him of the potential carjacking charges at that stage of the interrogation.

Defendant ultimately pled guilty to first-degree carjacking and second-degree unlawful possession of a weapon, and the State agreed to dismiss the remaining counts of the indictment. The court later sentenced him to an aggregate ten-year prison term.

Defendant did not file a direct appeal of his convictions or sentence. Instead, he filed a self-represented PCR petition in which he asserted the holding of State v. Sims, 250 N.J. 189, 213-214 (2022), should be retroactively applied and his statements suppressed because "the interrogating officers had failed to inform him why he was being arrested." Defendant's assigned counsel supplemented his petition and argued he received "misinformation and ill

advice" from counsel that he could appeal the court's adverse suppression ruling and his sentence. He specifically certified "[his] attorney assured [him] that an appeal would be filed in [his] case and that the appeal would challenge both the court's ruling in [his] motion and the sentence." He also asserted counsel failed to conduct a proper investigation and provide the court with necessary documentation and expert testimony concerning his ability to knowingly waive his Miranda rights. Defendant's PCR counsel also argued his plea counsel: 1) failed to challenge the victim's identification of defendant, and 2) did not investigate that he was "merely present at the scene."

After considering the parties' written submissions and oral arguments, the PCR judge denied defendant's petition and explained its decision in a written opinion. The PCR judge first found the plea agreement negotiated by counsel secured the defendant a much more lenient sentence than he otherwise could have received, especially given that the blood recovered from the vehicle matched defendant's DNA. The PCR judge also determined there was no "assertion that [defendant's] case would have been different other than he could have taken the case to trial and lost exposing him to a significant amount of prison time, perhaps three times what he actually received." The PCR judge noted defendant's claims were "simply at odds with the trial record."

A-3303-23

The PCR judge also rejected defendant's claims his counsel was ineffective in prosecuting the suppression application and failing to file an appeal. The PCR judge found defendant "was fully advised that he was waiving his rights to appeal the pre-trial motion[s], that he signed a form to that effect, and that counsel went over each question on the form with him." The court also held "[p]etitioner's claims regarding his Miranda hearing were tested extensively in the adversarial process during a full and fair hearing where witnesses were subject to cross examination." The court concluded defendant failed to establish a prima facie case of ineffective assistance because his blanket statement that "other" motions and "other" investigations "would have saved him from the position he found himself in" were merely "bald assertions," contrary to State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

This appeal followed in which defendant raises the following arguments:[2]

> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM PLEA

---

[2] We have reconstituted defendant's point headings to remove reference to the applicable legal standards. Further, we note defendant has not reprised all of the arguments he raised before the PCR court. We accordingly do not address those unasserted arguments in our opinion and deem those unbriefed contentions waived. See Telebright Corp. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("[A]n issue not briefed is deemed waived.").

A-3303-23

COUNSEL, THE PCR JUDGE ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF

> A. An Evidentiary Hearing Was Required to Determine Defendant's Claims.
>
> > i) It Was Ineffective For Trial Counsel To Fail To Challenge Defendant's Ability To Knowingly, Voluntarily, and Intelligently Waive His <u>Miranda</u> Rights and Provide Supporting Documentation As Well As Expert Testimony.
> >
> > ii) It Was Ineffective For Trial Counsel To Fail To Properly Challenge The Fact That Officers Violated Defendant's Right To Be Informed Of The Charges Against Him.
> >
> > iii) It Was Ineffective for Trial Counsel To Fail To Preserve The Appeal Of The Granting Of The State's Use of Defendant's Statements And To Fail To Directly Appeal Defendant's Convictions.

## II.

Because the PCR judge did not hold an evidentiary hearing, we review both the factual inferences drawn by the PCR judge from the record and the PCR judge's legal conclusions de novo. <u>State v. Aburoumi</u>, 464 N.J. Super. 326, 338-39 (App. Div. 2020); <u>see also</u> <u>State v. Nash</u>, 212 N.J. 518, 540-41 (2013). A defendant filing a PCR petition is not automatically entitled to an evidentiary hearing. <u>State v. Porter</u>, 216 N.J. 343, 355 (2013). <u>Rule</u> 3:22-10(b) provides a

defendant is entitled to an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). A PCR judge should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in his or her defense. The right to counsel includes "the right to the effective assistance of counsel." Nash, 212 N.J. at 541 (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)). In Strickland, the Supreme Court established a two-part test to determine whether a defendant has been deprived of the effective assistance of counsel. 466 U.S. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987).

Under the first prong, it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at

8

687-88. When considering a defendant's proofs, a court must show "extreme deference" in assessing defense counsel's performance, Fritz, 105 N.J. at 52, and "indulge a strong presumption that [it] falls within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689.

To establish prejudice under the second prong, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Further, to prove "prejudice after having entered a guilty plea, a defendant must establish 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so[.]" State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla v. Kentucky, 559 U.S. 356, 365 (2010)).

"With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." Gaitan, 209 N.J. at 350; see

also State v. Goodwin, 173 N.J. 583, 593 (2002).  A defendant must "do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim.  Cummings, 321 N.J. Super. at 170 (App. Div. 1999).  Defendant's failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition.  Nash, 212 N.J. at 542; see also Fritz, 105 N.J. at 52.

### III.

Defendant first argues he was entitled to an evidentiary hearing because he "definitively proved that he was in no position to knowingly, voluntarily, and intelligently waive his Miranda rights . . . ."  He contends his "severe cognitive deficits," which could have been corroborated by medical and school records, demonstrate "counsel was ineffective because if he had provided the records and an expert, the original motion judge would have concluded that defendant's purported waiver did not satisfy constitutional standards" or "the sentencing judge would likely have . . . impos[ed] . . . a lower sentence."  He maintains, because "this was a situation of making sure counsel did his job," the motion judge should "have had an expert examine defendant and provide medical support for the proposition that defendant was lacking these skills specifically at the time of the interrogations."

We reject defendant's arguments to the extent they are grounded in any claim his counsel ineffectively advocated at the suppression hearing that his cognitive impairments rendered him unable to provide knowing and voluntary statements to the police. We further deem any assertion that his counsel's investigation was deficient because he failed to retain an expert witness, serve an appropriate report or provide the court with medical and additional school records without merit as they represent nothing more than unsupported, bald assertions contrary to Cummings.

Significantly, nothing before the PCR judge or us suggests that any additional investigation regarding defendant's alleged cognitive limitations would have altered the court's decision. For the first time before the PCR court, defendant submitted records related to his eligibility determination for an individual education program (IEP). These forms, prepared by the special education services department in defendant's school district are dated December 10, 2004, over a decade before the May 2015 carjacking, document defendant's behavioral and academic difficulties including the scope of his limited reading and writing skills, list relevant medical history and learning disabilities, and recommend further accommodations to support defendant's educational performance. After considering these documents, the PCR judge rejected

defendant's argument that plea counsel should have introduced them earlier as "alternate tactical strategies . . . which . . . do not establish the requirements . . . to hold an evidentiary hearing."

We are convinced the court correctly concluded plea counsel's failure to take any additional investigation regarding defendant's cognitive limitation and his educational and medical records, satisfied neither prong of Strickland. Contrary to Cummings, other than the submitted IEP documents, defendant failed to identify with specificity the additional records counsel should have obtained or what they actually disclosed, nor did defendant identify any expert who would opine on the issue, or certify as to what opinions the expert held. Defendant certified merely that he told his counsel of his disability and counsel failed to obtain those records.

Further, we note defendant's counsel raised defendant's ability to understand the officers' questions during argument before the motion judge. Indeed, during the suppression proceedings, defendant's counsel specifically argued defendant was "illiterate and can't read, and that should have opened [the detective's] eyes to does he have a learning disability, did he have special education classes, things of that nature. [The detective] never made any inquiry." The interrogating detectives were subject to cross-examination

A-3303-23

specifically on the issue of defendant's cognitive abilities during which they stated "[defendant] . . . said he had a learning disability and that's why [we] verbalized [his Miranda rights] to him." Simply put, the PCR judge considered defendant's arguments and was unconvinced that defendant's counsel was ineffective in the manner he prosecuted the suppression proceedings or investigated defendant's claims. We are satisfied based on our de novo review that nothing presented before the PCR judge or us warrants disturbing the PCR judge's factual findings or legal conclusions.

Finally, we note, at defendant's plea hearing, the judge exhaustively confirmed defendant understood the charges against him and was making a knowing and informed decision to plead guilty to the charges. In sum, based on the record before the PCR judge, defendant failed to establish a prima facie case of ineffective assistance under Strickland regarding his counsel's performance in advocating for the suppression of any of his statements, or with respect to his conclusory claim that the court would have "impos[ed] . . . a lower sentence."

IV.

Next, defendant asserts he was entitled to an evidentiary hearing because "his attorney did not vigorously argue that he was not advised of the seriousness of the actual charges against him." He contends the interrogating officers only

13

informed him of "a receiving stolen property charge (which is third-degree in nature)" and did not inform him of the "much more serious charge (first-degree carjacking)." Relying on State v. Vincenty, 237 N.J. 122, 127 (2019), defendant argues the officers had an obligation to inform the defendant of "the nature of the real investigation." While defendant acknowledges counsel raised the issue of defendant's right to be informed of all charges, he maintains "[m]erely raising the issue is not the same as vigorously arguing the issue and supporting the argument with appropriate case law."

We are convinced the court concluded that an evidentiary hearing was unnecessary to resolve this issue because defendant's counsel, in fact, argued the interrogating officer failed to properly inform defendant of the charges against him. Indeed, at defendant's Miranda hearing, defendant's counsel argued, "this incident was clearly a carjacking . . . [a]nd it was basically a ruse to charge him with receiving stolen property."

Further, defendant failed to establish how counsel's performance was deficient because the record is devoid of evidence that the officers could "readily confirm and clearly convey" the carjacking charge at the time of the interrogation. Sims, 250 N.J. at 213-14 (citing Vincenty, 237 N.J. at 132-35;

14

A.G.D., 178 N.J. at 68-69).[3] On this point, the investigating officer testified at the suppression hearing that "[t]he only probable cause . . . at that point was to charge the defendant with receiving stolen property."

Defendant failed to establish his counsel's advocacy of the issue was constitutionally ineffective or that he suffered any prejudice on this issue. Defendant's contention that his advocacy was less than zealous on the point is simply unsupported by the record and fails to specifically identify what legal argument, in light of the then-existing law, defendant's counsel should have raised, and what facts he failed to present to the court, that would have resulted in a different result.

---

[3] In Sims, the court held:

> The rule announced in A.G.D. is clear and circumscribed. If a complaint-warrant has been filed or an arrest warrant has been issued against a suspect whom law enforcement officers seek to interrogate, the officers must disclose that fact to the interrogee . . . before any interrogation. The officers need not speculate about additional charges that may later be brought or the potential amendment of pending charges.
>
> [250 N.J. at 213-214 (internal citations omitted).]

V.

Finally, we address defendant's argument his counsel was ineffective by failing to file a direct appeal challenging his convictions and sentence. Defendant specifically asserts he was entitled to an evidentiary hearing on the issue of his counsel's failure to file a notice of appeal because his "[c]ounsel failed to include and preserve in the plea forms the right to appeal the adverse finding as to defendant's statements" and also failed to challenge his sentence. He certified that he "wanted to appeal the Miranda ruling and he wanted a direct appeal of his case" and "insists he was told by his counsel that both of those things would occur." We agree that a limited evidentiary hearing is required on these issues.

In the context of determining whether a defendant's counsel was constitutionally ineffective for failing to file a notice of appeal, courts are routinely called to address two circumstances: 1) where counsel has consulted the defendant but "fail[s] to follow the defendant's express instructions with respect to an appeal"; or 2) where counsel has not consulted with the defendant but that "failure to consult . . . itself constitutes deficient performance." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In the former instance, "prejudice is presumed," and the defendant "is not required to show he 'might have prevailed'

16

in [the] forfeited appeal." State v. Jones, 446 N.J. Super. 28, 33, 37 (App. Div. 2016) (quoting Flores-Ortega, 528 U.S. at 484). The presumption follows because counsel's error does not "lead 'to a judicial proceeding of disputed reliability'" but "a 'forfeiture of the proceeding itself.'" Id. at 33 (quoting Flores-Ortega, 528 U.S. at 483).

In the latter instance, the court must consider "'whether counsel's assistance was reasonable considering all the circumstances'" and "whether counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal.'" Id. at 33-34 (alteration in original) (quoting Flores-Ortega, 528 U.S. at 478, 484). Further, counsel has "a constitutionally-imposed duty to consult with the defendant about an appeal" when "a rational defendant would want to appeal," or when the "particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. "[A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Ibid.

Here, the PCR judge did not apply the principles enunciated in Flores-Ortega and Jones. The PCR judge rejected defendant's argument his counsel

was constitutionally ineffective by failing to appeal the motion judge's adverse suppression decision based on the waiver contained in defendant's plea forms. The PCR judge explained that defendant was "was fully advised that he was waiving his rights to appeal pre-trial motion, . . . he signed a form to that effect, and . . . [plea] counsel went over each question on the form with him."  In reaching its conclusion, the court did not address defendant's certified statement that he understood his counsel intended to appeal the court's order denying his suppression application.  In circumstances where a defendant directs his counsel to file an appeal, the Supreme Court has held "the presumption of prejudice recognized in Flores-Ortega applies regardless of whether a defendant has signed an appeal waiver."  Garza v. Idaho, 586 U.S. 232, 247 (2019) (citing Flores-Ortega, 528 U.S. at 483).

We reach a similar conclusion with respect to defendant's claim his counsel failed to appeal his sentence.  The court seemingly rejected defendant's argument because he was advised at his sentencing proceeding of his appellate rights and he failed to satisfy Strickland's prejudice prong based on the favorable plea he received, noting defendant "faced up to twenty-five years, six months and two days as opposed to eight years, six months and two days just on the carjacking charge."

A-3303-23

We conclude resolving the issue in this manner without first addressing the threshold question whether defendant, in fact, instructed his counsel to challenge his sentence on appeal was error because, as detailed, the constitutional analysis changes depending on the circumstances. If defendant so instructed counsel, prejudice is presumed, and defendant should be permitted to file an appeal out of time. Under the second scenario explained in Flores-Ortega, however, if the court finds defendant made no such request, or counsel did not consult with defendant on the issue, the court must determine the reasonableness of counsel's assistance, considering all the circumstances, and if counsel's alleged deficient performance actually caused the forfeiture of defendant's appellate rights. Jones, 446 N.J. Super. at 33-34.

We accordingly vacate the court's order, in part, and direct the court on remand to conduct a limited evidentiary hearing and make specific findings of fact consistent with Rule 1:7-4 regarding any directions or instructions defendant made to his counsel regarding an appeal of his convictions and sentence. If the court determines defendant informed his counsel to file an appeal of his convictions or sentence, the court shall permit defendant to file an appropriate appeal out of time. State v. Perkins, 449 N.J. Super. 309, 312-13 (App. Div. 2017) (holding "that where a PCR judge finds that an appeal was

19

sought by [the] defendant and not filed due to counsel's ineffective assistance, the judge has the authority to afford [the] defendant a forty-five-day period to file an appeal.").  In the event the court concludes defendant did not make such an explicit instruction, the court should next address the reasonableness of counsel's actions consistent with Flores-Ortega and Strickland.

To the extent we have not addressed any of defendant's remaining arguments it is because we have determined they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed in part and vacated and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3303-23